IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JASON SCUTT,<br><br>    Plaintiff,<br><br>vs.<br><br>MAUI FAMILY LIFE CENTER,<br><br>    Defendant. | CIVIL NO. 20-00375 JAO-KJM<br><br>ORDER (1) DISMISSING COMPLAINT; (2) DENYING IFP APPLICATION; AND (3) DENYING REQUEST FOR APPOINTMENT OF COUNSEL |

<u>ORDER (1) DISMISSING COMPLAINT; (2) DENYING IFP APPLICATION; AND (3) DENYING REQUEST FOR APPOINTMENT OF COUNSEL</u>

Before the Court are pro se Plaintiff Jason Scutt's ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP Application" or "Application") and Request for Appointment of Counsel, both filed on August 31, 2020.  For the following reasons, the Court DISMISSES the Complaint with leave to amend and DENIES WITHOUT PREJUDICE the IFP Application and Request for Appointment of Counsel.  ECF Nos. 3, 4.

BACKGROUND

According to Plaintiff, Defendant Maui Family Life Center ("Defendant") is the exclusive resource for housing rental assistance during the COVID-19 pandemic.  Compl. at 8.  Plaintiff alleges that she required emergency housing funds because she was evicted due to a domestic violence situation and required to

vacate within three days. *Id.* Plaintiff claims that despite meeting all qualification requirements, Defendant discriminated against her—a disabled, LGBTQIA+ individual—and denied her benefits, in violation Title VI of the Civil Rights Act, the Fair Housing Act, and Titles II and III of the Americans with Disabilities Act. *Id.* at 8–10.

Plaintiff requests preliminary injunctive financial relief ($1,375 security deposit and six months of rent totaling $8,250), as well as compensatory and punitive damages. *Id.* at 10.

## DISCUSSION

A.  Dismissal of the Complaint Under the In Forma Pauperis Statute – 28 U.S.C. § 1915(e)(2)

Plaintiff requests leave to proceed in forma pauperis. A court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard

as it does in the context of an FRCP 12(b)(6) motion to dismiss. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotations omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In the present case, even construing Plaintiff's Complaint liberally, *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is appropriate because the Complaint fails to state a claim upon which relief can be granted.  Plaintiff's conclusory allegations violate FRCP 8(a) and do not sufficiently state how Defendant violated the statutes upon which she relies.  Indeed, Plaintiff has not even set forth the elements of her causes of action.  Plaintiff cannot merely rely on blanket references to federal statutes; she must identify the factual and legal bases for *each* of her claims.  Only then can the Court ascertain whether her claims are plausible.

In light of the Complaint's deficiencies and failure to state a claim upon which relief can be granted, it is hereby dismissed.  Leave to amend should be granted even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegation of other facts.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Tripati*, 821 F.2d at 1370. Specifically, "pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Tripati*, 821 F.2d 1370 (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)); *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir.

2011) ("If a pro se complaint is dismissed for failure to state a claim, the court must 'freely grant leave to amend' if it is 'at all possible' that the plaintiff could correct pleading deficiencies by alleging different or new facts." (citation omitted)).

The Court acknowledges that Plaintiff is proceeding pro se and that certain deficiencies could potentially be cured by amendment. Accordingly, the Court dismisses the Complaint without prejudice and grants Plaintiff leave to amend her Complaint. Any amended complaint—which should be titled "First Amended Complaint"—must be filed by **October 5, 2020**, and must cure the deficiencies identified above; that is, Plaintiff must provide sufficient facts and law and should comply with all rules governing pleadings. Moreover, Plaintiff is advised that Local Rule 10.4 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court." Local Rule 10.4. As a general rule, an amended complaint supersedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, if Plaintiff files an amended complaint, the Complaint no longer serves any function in the case, and any claims that are not included in the amended complaint may be deemed waived. *See id.* at 928.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order will result in the automatic dismissal of this action.

B.      IFP Application

The Court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

Plaintiff's IFP Application is incomplete,[1] and the Court questions the veracity of the information provided because there are inconsistencies between the Application and Plaintiff's representations in the Request for Appointment of

---

[1] Plaintiff uses the "greater than" symbol in response to income/asset inquiries. *See*, *e.g.*, ECF No. 3 at ¶ 2 ( representing that she received ">$200 IN 2019 FROM PART TIME CONSULTING WORK FOR OTHER CPA FIRMS"); ECF No. 3 at ¶ 4 (disclosing ">$2500" in cash or in a checking/savings account). This is inadequate. Precise dollar amounts must be provided.

Counsel.² The Court cannot determine whether Plaintiff is sufficiently impoverished to qualify for IFP status without complete, correct information.³ Accordingly, the Court DENIES the IFP Application without prejudice. If Plaintiff elects to file an amended pleading, she must concurrently file an IFP Application that fully and accurately responds to all questions *or* she must pay the applicable filing fee. If she fails to do so, this action will be automatically dismissed.

C.   Appointment of Counsel

Plaintiff additionally requests appointment of counsel. Although Plaintiff utilized the form request for appointment of counsel under the Civil Rights Act, it is inapplicable here because this is not an employment discrimination action. *See Storman v. Sacramento Reg'l Transit Dist.*, 70 F. App'x 438, 440 (9th Cir. 2003) ("Unlike Title VII, Title VI has no appointment of counsel provisions.").

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, a court may exercise its discretion and appoint counsel for indigent civil litigants pursuant to 28 U.S.C.

---

² For example, Plaintiff indicates that she receives/received food stamps in the Request for Appointment of Counsel but did not disclose that in the IFP Application.

³ Based on the information provided, it appears that Plaintiff might not be entitled to proceed IFP. However, Plaintiff has another opportunity to present a complete record for the Court's review.

§ 1915(e)(1) in "exceptional circumstances." *Id.*; *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of "exceptional circumstances" requires a court to consider the likelihood of the plaintiff's success on the merits and whether the plaintiff is able to articulate his or her claims "in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (citation omitted); *Agyeman*, 390 F.3d at 1103. These factors must be considered cumulatively; none are dispositive. *See Cano*, 739 F.3d at 1218 (citation omitted).

   Plaintiff has not presented any extraordinary circumstances warranting the appointment of counsel, and the Court finds that there are none. For the reasons explained herein, the Court is dismissing the Complaint for failure to state a claim; therefore, Plaintiff has not shown a likelihood of success on the merits. And while Plaintiff would arguably benefit from the assistance of counsel in presenting a coherent and viable pleading, that alone cannot serve as the basis for appointing counsel. Many pro se litigants are confronted with the same challenges but are able to adequately litigate their actions. Plaintiff is a frequent filer in this district, demonstrating her ability to proceed pro se. Thus, no exceptional circumstances exist to warrant appointment of counsel at this time. Plaintiff's Motion for the Appointment of Counsel is accordingly DENIED without prejudice.

## CONCLUSION

In accordance with the foregoing, Court: (1) DISMISSES the Complaint with leave to amend; (2) DENIES without prejudice the IFP Application; and (3) DENIES without prejudice the Request for Appointment of Counsel.

If Plaintiff elects to file an amended complaint, she must comply with the following requirements:

(1) Plaintiff's deadline to file an amended complaint is **October 5, 2020**;

(2) Plaintiff's amended complaint should be titled "First Amended Complaint"; and

(3) Plaintiff must cure the deficiencies identified above.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order <u>and</u> concurrently file another IFP Application *or* submit the filing fee will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, September 3, 2020.



Jill A. Otake
United States District Judge

CV 20-00375 JAO-KJM; *Scutt v. Maui Family Life Center*; ORDER (1) DISMISSING COMPLAINT; (2) DENYING IFP APPLICATION; AND (3) DENYING REQUEST FOR APPOINTMENT OF COUNSEL