IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JASON SCUTT, | CIVIL NO. 20-00375 JAO-KJM |
| Plaintiff, | ORDER (1) DISMISSING FIRST AMENDED COMPLAINT AND (2) GRANTING IFP APPLICATION |
| vs. | |
| MAUI FAMILY LIFE CENTER, | |
| Defendant. | |

**ORDER (1) DISMISSING FIRST AMENDED COMPLAINT
AND (2) GRANTING IFP APPLICATION**

Before the Court is pro se Plaintiff Jason Scutt's ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP Application" or "Application"), filed September 11, 2020. For the following reasons, the Court DISMISSES the First Amended Complaint ("FAC") with partial leave to amend and GRANTS the IFP Application. ECF No. 10.

BACKGROUND

The Court previously dismissed Plaintiff's Complaint for failure to state a claim in violation of Federal Rule of Civil Procedure ("FRCP") 8 but granted her leave to amend. ECF No. 8. The Court also denied Plaintiff's IFP Application because it was incomplete and directed her to file another Application or pay the filing fee with any amended pleading. *See id.*

In the FAC, Plaintiff again alleges that Defendant Maui Family Life Center ("Defendant") is the exclusive resource for housing rental assistance during the COVID-19 pandemic.  ECF No. 9 at 1–2.  She accuses Defendant of discriminating against her based on her race and LGBTQIA+ status in violation of the Fair Housing Act ("FHA") and Title VI of the Civil Rights Act and mishandling her protected health information pursuant to the Health Insurance Portability and Accountability Act ("HIPAA").  *Id.* at 1.

Plaintiff's claims arise from Defendant's denial of rental assistance despite her purported qualification for benefits.  *Id.* at 1–2.  Plaintiff alleges that she was evicted from her long-time residence with a 45-day notice, but due to the violence of her landlords and other tenants, she was forced to depart in three days.  *Id.* at 1.  And although she secured new housing and entered into a six-month lease on August 1, 2020, she had relied on obtaining housing rental benefits from Defendant to pay her rent.  *Id.* at 1–2.  During an August 16, 2020 phone call, one of Defendant's intake employees allegedly referred to Plaintiff as "hoali"[1] and suggested that Plaintiff was not qualified or eligible for benefits because the funder is Christian.  *Id.* at 2.  According to Plaintiff, Defendant denied her application based on her race, sexual orientation, and health records.  *Id.*

---

[1]  It is unclear if Plaintiff meant "haole."

Plaintiff requests temporary and/or preliminary injunctive financial relief ($1,375 security deposit and six months of rent totaling $8,250), as well as a minimum of $300,000 in compensatory and punitive damages. *Id.* at 6.

## DISCUSSION

I.   Dismissal of the Complaint Under the In Forma Pauperis Statute – 28 U.S.C. § 1915(e)(2)

Plaintiff requests leave to proceed in forma pauperis.  A court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998).  When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies FRCP 8's pleading standard as it does in the context of an FRCP 12(b)(6) motion to dismiss.  *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(1)-(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state

3

the elements of the claim plainly and succinctly.  *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  "The Federal Rules require that averments 'be simple, concise and direct.'"  *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).  FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotations omitted).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Leave to amend should be granted even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegation of other facts.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Tripati*, 821 F.2d at 1370.  Specifically, "pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could

not be cured by amendment.'" *Tripati*, 821 F.2d 1370 (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)); *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("If a pro se complaint is dismissed for failure to state a claim, the court must 'freely grant leave to amend' if it is 'at all possible' that the plaintiff could correct pleading deficiencies by alleging different or new facts." (citation omitted)).

In the present case, even construing Plaintiff's FAC liberally, *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is appropriate because the FAC fails to state a claim upon which relief can be granted.

A.   FHA

The FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).[2]  The Ninth Circuit applies the Title VII discrimination analysis in evaluating FHA claims.  *See Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999) (citation omitted).  FHA discrimination claims may be established "under a theory of disparate treatment or

---

[2]  Plaintiff does not provide the subsection upon which she relies, but subsection (b) is most closely aligned with her allegations.

disparate impact." *Id.* (citation omitted).  To state a prima facie case of disparate treatment, Plaintiff must allege that (1) her rights are protected under the FHA and (2) she suffered a distinct and palpable injury as a result of the Defendant's discriminatory conduct.  *See id.*

Plaintiff does not allege facts entitling her to relief under the FHA.  She offers vague and conclusory allegations that Defendant denied her access to benefits based on race and sexual orientation, possibly due to the "funder's" religious values and Defendant's association with Christian organizations. However, these insufficient facts fail to show that Defendant denied her application for benefits *because of* her race or sexual orientation, as opposed to other grounds for ineligibility.  Accordingly, the Court DISMISSES Plaintiff's FHA claim.  Plaintiff is granted leave to amend this claim.

B.    Title VI

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.  To state a Title VI claim, "a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance."  *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir.

1994), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001) (en banc) (citations omitted).

Here, Plaintiff alleges in conclusory fashion that Defendant, a public agency in charge of federal assistance, discriminated against her based on her race and sexual orientation.  ECF No. 9 at 3.  Plaintiff further asserts that Defendant illegally obtained her health and personal data and used it against her.[3]  *Id.*  To the extent this claim is predicated on sexual orientation discrimination, it is not viable, as Title VI does not address sexual orientation/sex discrimination.[4]  *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286 (1998) ("Title VI . . . is parallel to Title IX except that it prohibits race discrimination, not sex discrimination." (citations omitted)); 42 U.S.C. § 2000d (prohibiting discrimination based on "race, color, or national origin").

---

[3]  The record suggests that Plaintiff provided this information to Defendant as part of the application process.  *Id.* at 3 ("Plaintiff provided documentation to prove that she was qualified in all respects."); Compl. at 8–9 ("Plaintiff was otherwise qualified in all respects, submitted proof of financial status, birth certificates as requested, photo ID, Social  Security Cards (all handled illegally under HIPPA regulations-see [Exhibit A]) and also medical records to determine her status, including as transgender/LGBTQIA+ and disability.").

[4]  Plaintiff notes that the Supreme Court upheld transgender/LGBTQIA+ rights.  It only did so with respect to Title VII, which prohibits employment discrimination on the basis of race, color, religion, *sex* and national origin.  *See Bostock v. Clayton County*, __ U.S. __, 140 S. Ct. 1731 (2020).

The only allegation concerning race is that Defendant's employee called her "hoali"—and that is assuming Plaintiff meant "haole."  But she has not set forth facts linking this comment to the denial of her application.  In fact, her allegations indicate that she attributes the denial to her LGBTQIA+ status, which cannot serve as a basis for a Title VI claim.  *Id.* at 2 (noting that the intake employee "suggested that the 'funder' are [sic] 'Christian' and therefore Plaintiff was not qualified or eligible"); *see also id.* at 4 ("While the defendant may argue religious exemption, they have no right to withhold public funds for the benefit of only certain individuals.").  For these reasons, Plaintiff fails to state a Title VI claim and it is DISMISSED.  Because there is a possibility that amendment could cure the defect, the Court grants Plaintiff leave to amend the claim.

## C. HIPAA

Plaintiff added a HIPAA claim based on Defendant's purported mishandling of her protected health information.  ECF No. 9 at 4–5.  However, HIPAA does not provide for a private cause of action.  *See Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007) (quoting 65 Fed. Reg. 82601 (Dec. 28, 2000) ("Under HIPAA, individuals do not have a right to court action.")).  Accordingly, this claim is DISMISSED with prejudice.

As explained above, Plaintiff may amend her FHA and Title VI claims.  Any amended complaint—which should be titled "Second Amended Complaint"—must

8

be filed by **October 16, 2020** and must cure the deficiencies identified above; that

is, Plaintiff must provide sufficient facts and law and should comply with all rules

governing pleadings.  Plaintiff is granted leave to amend her FHA and Title VI

claims and may not add new parties or claims without obtaining leave of court

through the filing of a formal motion.  Moreover, Plaintiff is advised that Local

Rule 10.4 requires that "any party filing . . . an amended complaint . . . shall

reproduce the entire pleading as amended and may not incorporate any part of a

prior pleading by reference, except with leave of court."  Local Rule 10.4.  As a

general rule, an amended complaint supersedes the original complaint.  *See Lacey*

*v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).  Thus, if Plaintiff files an

amended complaint, the FAC no longer serves any function in the case, and any

claims that are not included in the amended complaint may be deemed waived.

*See id.* at 928.

Plaintiff is cautioned that failure to timely file an amended pleading that

conforms with this Order will result in the automatic dismissal of this action.

II.   <u>IFP Application</u>

The Court may authorize the commencement or prosecution of any suit

without prepayment of fees by a person who submits an affidavit that the person is

unable to pay such fees.  28 U.S.C. § 1915(a)(1).  "An affidavit in support of an

IFP application is sufficient where it alleges that the affiant cannot pay the court

costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).  Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

Based on the information in Plaintiff's IFP Application, the Court is satisfied that she is unable to pay the filing fee and still afford the necessities of life.  The Court therefore GRANTS the Application.

CONCLUSION

For the reasons stated herein, the Court:  (1) DISMISSES the FAC with leave to amend the FHA and Title VI claims and (2) GRANTS the IFP Application.  If Plaintiff elects to file an amended complaint, she must comply with the following requirements:

(1)    Plaintiff's deadline to file an amended complaint is **October 16, 2020**;

(2)    Plaintiff's amended complaint should be titled "Second Amended Complaint"; and

(3)    Plaintiff must cure the deficiencies identified above and may only amend as directed.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED:       Honolulu, Hawaiʻi, September 17, 2020.



Jill A. Otake
United States District Judge

CV 20-00375 JAO-KJM; *Scutt v. Maui Family Life Center*; ORDER (1) DISMISSING FIRST AMENDED COMPLAINT AND (2) GRANTING IFP APPLICATION