IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JASON SCUTT,<br><br>Plaintiff,<br><br>vs.<br><br>MAUI FAMILY LIFE CENTER,<br><br>Defendant. | CIVIL NO. 20-00375 JAO-KJM<br><br>ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FILED SEPTEMBER 21, 2020 OR IN THE ALTERNATIVE TO STAY PROCEEDINGS AND (2) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDMENT TO NAME PARTY |

**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FILED SEPTEMBER 21, 2020 OR IN THE ALTERNATIVE TO STAY PROCEEDINGS AND (2) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDMENT TO NAME PARTY**

This case concerns Defendant Maui Family Life Center's ("Defendant") denial of emergency housing rental funds based on alleged racial and sexual orientation discrimination. Pro se Plaintiff Jason Scutt ("Plaintiff") asserts violations of the Fair Housing Act ("FHA") and Title VI of the Civil Rights Act of 1964. Defendant seeks dismissal for naming the wrong entity, for failure to exhaust administrative remedies, and for failure to state a claim. Alternatively,

Defendant requests a stay of the proceedings pending the exhaustion of administrative remedies. Plaintiff requests leave to name the proper Defendant.

The Court elects to decide these matters without a hearing pursuant to Local Rule 7.1(c). For the following reasons, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint Filed September 21, 2020 or in the Alternative to Stay Proceedings,[1] ECF No. 35, and GRANTS Plaintiff's Motion for Leave to File Amendment to Name of Party. ECF No. 39.

**BACKGROUND**

**I. Factual History**

According to Plaintiff, Defendant acted as a public agency in charge of federal monetary assistance for individuals experiencing housing crises such as homelessness and eviction. ECF No. 12 at 5. Plaintiff applied for these emergency benefits and timey submitted all requisite proof. *Id.* at 2–5. She alleges that on August 16, 2020, one day prior to a scheduled interview regarding her application, Defendant's employee contacted her and asked prohibited questions regarding Plaintiff's medical and financial status, through which Plaintiff revealed her ethnicity, social status, and sexual orientation. *Id.* at 2. Plaintiff further alleges

[1] Defendant is reminded that all memoranda must be in Times New Roman 14-point font *and* double-spaced. *See* Local Rule 10.2(a). Double spacing is Microsoft Word's standard double spacing.

that during this telephone conversation, the employee called her "haole"; referenced Christian funders, suggesting that only Christian, non-haole individuals would be considered for funding; and denied benefits for ineligibility due to lack of homelessness. *Id.*

Plaintiff accuses Defendant of having a clear bias in favor of Christian applicants and against the trans/LGBTQIA+ community, which resulted in the denial of her application. *Id.* at 3–5.

## II. Procedural History

Plaintiff commenced this action on August 31, 2020. On September 3, 2020, the Court dismissed the Complaint with leave to amend and denied Plaintiff's Application to Proceed in Forma Pauperis ("IFP Application") and Request for Appointment of Counsel. ECF No. 8. Plaintiff then filed a First Amended Complaint ("FAC") and another IFP Application. ECF Nos. 9, 10. The Court dismissed the FAC with leave to amend and granted the IFP Application. ECF No. 11.

On September 21, 2020, Plaintiff filed a Second Amended Complaint ("SAC"), asserting two causes of action – a violation of Title VI and a violation of the FHA — and praying for $8,250.00 in "temporary/preliminary/injunctive financial relief," as well as a minimum of $200,000.00 in "compensative" and punitive damages. ECF No. 12 at 5–7.

Defendant filed its Motion to Dismiss Plaintiff's Second Amended Complaint Filed September 21, 2020 or in the Alternative to Stay Proceedings on March 8, 2021. ECF No. 35. Plaintiff filed her Opposition on March 24, 2021, along with a Motion for Leave to File Amendment to Name of Party. ECF Nos. 38, 39. Defendant filed a Reply, which included its response to Plaintiff's Motion, on April 5, 2021. ECF No. 41.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss, "the court accepts the facts alleged in the complaint as true," and "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)) (alteration in original). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citation omitted). Furthermore, the court need not accept as true allegations that contradict matters

properly subject to judicial notice. *See Sprewell*, 266 F.3d at 988.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The tenet that the court must accept as true all of the allegations contained in the complaint does not apply to legal conclusions. *See id.* As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)) (some alterations in original). If dismissal is ordered, the plaintiff should be granted leave to amend unless it is clear that the claims could not be saved by amendment. *See Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007) (citation omitted).

**DISCUSSION**

Defendant advances three bases for dismissal: (1) Plaintiff named the wrong

entity as the defendant, (2) there are proceedings pending before the U.S. Department of Housing and Urban Development ("HUD") and the Hawaiʻi Civil Rights Commission ("HCRC"), and (3) failure to state a claim.[2] ECF No. 35-1 at 3–5. Defendant alternatively seeks a stay pending the outcome of proceedings before HUD and HCRC. *Id*. at 4.

**I. Proper Defendant**

Defendant argues that its improper identification as "Maui Family Life Center" warrants dismissal of this action. ECF No. 35-1 at 3–4. Defendant claims that it has been known as Family Life Center, Inc. since 2008. ECF No. 35-1 at 1, 3–4. In response, Plaintiff seeks leave to amend the SAC for the purpose of changing "Maui Family Life Center" to "Family Life Center." ECF No. 39. Defendant opposes further amendment, contending that Plaintiff failed to provide a proposed third amended complaint and failed to cure deficiencies, and that any further amendment would be futile. ECF No. 41 at 7–8. Defendant's arguments are without merit.

FRCP 15(c)(1) contemplates the amendment of pleadings to correct misnomers:

[2] Defendant asks the Court to take judicial notice of the exhibits attached to its Motion. ECF No. 35-1 at 3–5. However, none of these exhibits are necessary for the adjudication of this Motion, nor is Exhibit A to Plaintiff's Opposition.

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) *the amendment changes the party or the naming of the party against whom a claim is asserted*, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits[.]

Fed. R. Civ. P. 15(c)(1)(A) (emphasis added). The 1991 Advisory Committee Notes addressing a prior, though substantively similar, version of FRCP 15(c) states:

> An intended defendant who is notified of an action within the period allowed by Rule 4(m) . . . for service of a summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name, provided that the requirements of clauses (A) and (B) have been met. If the notice requirement is met within the Rule 4(m) . . . period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification.

Fed. R. Civ. P. 15 advisory committee's note to 1991 amendment; *see also Paatalo v. First Am. Title Co. of Mont.*, No. CV-13-128-BLG-SEH-CS, 2014 WL 858999, at *2 (D. Mont. Mar. 5, 2014) (noting that misnomers may be corrected by

amendment under FRCP 15 and distinguishing between misnomers and changes to a party).

Moreover, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendant was notified of this action and in fact appeared within the FRCP 4(m) period. ECF No. 18. Effectuating what amounts to a clerical amendment to the caption of the SAC will not adversely affect Defendant nor disrupt or delay this litigation.[3] *See Paatalo*, 2014 WL 858999, at *3. The Court therefore GRANTS Plaintiff's Motion and authorizes the amendment of Defendant's name from "Maui Family Life Center" to "Family Life Center, Inc." The clerk's office is directed to correct the docket to reflect this change. Plaintiff need not file an amended pleading.

## II.  Exhaustion of Administrative Remedies

Defendant requests dismissal or a stay due to Plaintiff's pending HUD and HCRC complaints because they appear to be based on the same acts alleged here. ECF No. 35-1 at 4–5. Because neither the FHA nor Title VI contain exhaustion requirements, there is no basis to dismiss or stay on this ground.

---

[3] Defendant's arguments about Plaintiff's failure to submit a proposed third amended complaint are not well taken, as only the caption requires amendment. The SAC otherwise refers to "Defendant" and Plaintiff does not request additional substantive amendments against Defendant.

**A. FHA**

The FHA authorizes an aggrieved person[4] to "commence a civil action . . . whether or not a complaint has been filed under section 3610(a)[[5]] of this title and without regard to the status of any such complaint." 42 U.S.C. § 3613(a)(2). Thus, two mechanisms are available to enforce its provisions:

> Under § 3610(a), a person "aggrieved" may file a complaint with HUD, and the agency investigates and resolves the complaint's charges. If the administrative agency is unable to obtain compliance or concludes that judicial action is necessary to carry out the purposes of the Act, a civil suit may be commenced. 42 U.S.C. §§ 3610(e) & (g); 3612. The alternate route for obtaining redress under the FHA is pursuant to § 3613, which provides the right to file suit in a federal or state court without awaiting action by HUD.

*Holley v. Crank*, 258 F.3d 1127, 1131 (9th Cir. 2001), *vacated on other grounds sub nom. Meyer v. Holley*, 537 U.S. 280 (2003); *see also Meyer*, 537 U.S. at 288 (citing *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 107 (1979) ("treating administrative actions under 42 U.S.C. § 3610 and civil actions under § 3613 as alternative, but parallel, proceedings")). Access to the courts is not

---

[4] An "aggrieved person" is "any person who -- (1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. § 3602(i).

[5] Section 3610(a) provides: "An aggrieved person may, not later than one year after an alleged discriminatory housing practice has occurred or terminated, file a complaint with the Secretary alleging such discriminatory housing practice. The Secretary, on the Secretary's own initiative, may also file such a complaint." 42 U.S.C. § 3610(a)(1)(A)(i).

conditioned "on a prior resort to the federal agency. To the contrary, [legislative] history suggests that all Title VIII[[6]] complainants were to have available immediate judicial review." *Gladstone Realtors*, 441 U.S. at 106. The administrative remedy was then provided as an alternative option. *See id.* Indeed, aggrieved persons "may proceed directly into federal court, deferring neither to the Secretary of Housing and Urban Development nor to state administrative and judicial processes." *Id.* at 125 (Rehnquist, J., joined by Stewart, J., dissenting) (citing 42 U.S.C. § 3612(a)). Accordingly, Plaintiff is not required to exhaust administrative remedies. The Court also finds that a stay is inappropriate pending the resolution of any administrative proceedings given that the FHA contemplates parallel proceedings and provides for immediate judicial review, and the Court is not obligated to defer to HUD determinations.

**B. Title VI**

Title VI similarly does not require a plaintiff to exhaust administrative remedies. *See Kling v. Los Angeles County*, 633 F.2d 876, 879 (9th Cir. 1980) (explaining that Title VI and Title IX share the same enforcement procedures and that exhaustion is not required under Title IX); *Green v. Bastyr Univ., LLC*, 295 F. App'x 128, 129 (9th Cir. 2008) (citing *Kling*, 633 F.2d at 879); *Freed v. Consol.*

[6] Title VIII is also known as the FHA. *See United States v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1376 (9th Cir. 1997) (identifying Title VIII as the FHA).

*Rail Corp.*, 201 F.3d 188, 191 (3d Cir. 2000) ("Title VI includes an administrative procedure that can lead to the withdrawal of federal funding from programs or activities that discriminate on the basis of race, color, or national origin, but it does not require that plaintiffs exhaust the administrative process before bringing suit." (citations omitted)); *Brennan v. King*, 139 F.3d 258, 268 n.12 (1st Cir. 1998) ("The Rehabilitation Act derives its procedural requirements from Title VI, which does not have an exhaustion requirement." (citation omitted)); *Tuck v. HCA Health Servs. of Tenn., Inc.*, 7 F.3d 465, 471 (6th Cir. 1993) (citation omitted). Curiously, Defendant's exhaustion argument relates to Plaintiff's charge filed with the HCRC. But that has no bearing here, as Plaintiff alleges violations of Title VI, not state law.[7] The Court therefore DENIES Defendant's Motion to the extent it requests dismissal or a stay pending the exhaustion of administrative remedies.

## III. Failure to State a Claim

Defendant also seeks dismissal for failure to state a claim. Specifically, Defendant argues that because Plaintiff does not articulate the basis

---

[7] Even if Plaintiff sought relief under Hawai'i Revised Statutes Chapter 489, she would not necessarily be required to exhaust administrative remedies. *See Epileptic Found. v. City & County of Maui*, 300 F. Supp. 2d 1003, 1017 n.35 (D. Haw. 2003) (concluding that Chapter 489 does not require a plaintiff to first file a complaint with the HCRC).

for her claims, it cannot prepare a defense.[8] ECF No. 35-1 at 8.

**A. FHA**

The FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).[9] The Ninth Circuit applies Title VII discrimination analysis in evaluating FHA claims. *See Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999) (citation omitted). FHA discrimination claims may be established "under a theory of disparate treatment or disparate impact." *Id.* (citation omitted). To state a prima facie case of disparate treatment, Plaintiff must allege that (1) her rights are protected under the FHA and (2) she suffered a distinct and palpable injury as a result of Defendant's discriminatory conduct. *See id.*

---

[8] In its Reply, Defendant asserts that Plaintiff's Opposition does not remedy the SAC's deficiencies. ECF No. 41 at 3. The Court reviews the pleading itself to ascertain sufficiency, not the briefing. *See N.M. State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011) (stating that review for failure to state a claim under FRCP 12(b)(6) "is generally limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of judicial notice" (citation omitted)). Ironically, while Defendant complains about the deficiency of Plaintiff's Opposition, it raised the bulk of its FRCP 12(b)(6) arguments for the first time in the Reply.

[9] Plaintiff does not provide the subsection upon which she relies, but subsection (b) is most closely aligned with her allegations.

Plaintiff alleges that Defendant improperly denied her emergency housing rental funds on the basis of her race and sexual orientation because she supplied all required documents establishing her eligibility in accordance with the advertised requirements.[10] ECF No. 12 at 1–6. Consequently, she was unable to afford new housing after her eviction without obtaining cash funds from a family member. *Id.* at 3, 6. Accepting Plaintiff's allegations as true, as it must on an FRCP 12(b)(6) motion, the Court finds that Plaintiff sufficiently states a claim under the FHA. This is not to say that Plaintiff will ultimately prevail on her claim, but she plausibly pleads factual content allowing the Court to reasonably infer that Defendant may be liable for the alleged conduct. For these reasons, the Court DENIES Defendant's Motion with respect to Plaintiff's FHA claim.

**B. Title VI**

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity

---

[10] Plaintiff alleges racial discrimination, so the Court need not decide at this time whether the FHA's prohibition on sex discrimination encompasses discrimination against transgender/LGBTQIA+ individuals. *See Bostock v. Clayton County*, __ U.S. __, 140 S. Ct. 1731 (2020) (upholding transgender/LGBTQIA+ rights under Title VII).

receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a Title VI claim, "a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994) (citation omitted), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001) (en banc).[11]

Plaintiff alleges that Defendant acted as a public agency in charge of federal monetary assistance for individuals experience housing crises such as eviction and homelessness. ECF No. 12 at 5. Her Title VI claim is premised on the improper denial of emergency housing funds — without allowing edits to her application one day prior to her scheduled interview — based on her race and LGBTQIA+ status. *Id.* at 5–6. Plaintiff avers that Defendant's employee used intimidating and hurtful racial remarks during the August 16, 2020 telephone conversation and referred to Plaintiff as "haole." *Id.* at 2.

As the Court previously determined, a Title VI claim may not be predicated on sexual orientation discrimination. ECF No. 11 at 7 (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286 (1998) ("Title VI . . . is parallel to Title IX

---

[11] In its Reply, ECF No. 41 at 6, Defendant effectively plagiarized the legal standard and analysis from the Court's Order (1) Dismissing First Amended Complaint and (2) Granting IFP Application, without citation, ECF No. 11.

except that it prohibits race discrimination, not sex discrimination." (citations omitted)); 42 U.S.C. § 2000d (prohibiting discrimination based on "race, color, or national origin")); *Scutt v. Maui Fam. Life Ctr.*, CV No. 20-00375 JAO-KJM, 2020 WL 5579549, at *3 (D. Haw. Sept. 17, 2020). Thus, to the extent Plaintiff alleges sexual orientation discrimination in connection with her Title VI claim, it is dismissed with prejudice.

Plaintiff's allegations related to race discrimination, accepted as true, are sufficient to withstand an FRCP 12(b)(6) dismissal. Based on the foregoing, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion.

**CONCLUSION**

For the reasons stated herein, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint Filed September 21, 2020 or in the Alternative to Stay Proceedings. ECF No. 35. Defendant's Motion is GRANTED to the extent Plaintiff alleges sexual orientation discrimination under Title VI and that portion of the claim is DISMISSED WITH PREJUDICE. Defendant's Motion is DENIED in all other respects.

//

//

//

//

The Court GRANTS Plaintiff's Motion for Leave to File Amendment to Name of Party. ECF No. 39. The clerk's office is directed to change Defendant's name from "Maui Family Life Center" to "Family Life Center, Inc."

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, May 5, 2021.

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

Jill A. Otake
United States District Judge

CV 20-00375 JAO-KJM, *Scutt v. Maui Family Life Center*; ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FILED SEPTEMBER 21, 2020 OR IN THE ALTERNATIVE TO STAY PROCEEDINGS AND (2) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDMENT TO NAME PARTY

16